Mr. Justice Moore
delivered the opinion of the Court.
In this action the petitioner has filed a petition in which he seeks a stay of execution of a judgment finding him to be in contempt of court, and imposing upon him a sentence of imprisonment for a period of four months. Petitioner further seeks entry of an order that he be admitted to bail pending determination by this court of a writ of error testing the validity of the conviction in the contempt proceedings. Pursuant to Rule 38, Colorado Rules of Criminal Procedure, notice of the filing of said petition was served upon those entitled to receive such notice.
Objections to the granting of the relief prayed for have been filed by the attorney general and the district attorney for the First Judicial District. They assert that they appear “* * * in behalf of the People of the State of Colorado” and object “* * * to the application for Stay of Execution and the Setting of Bail in the above-entitled cause” for reasons which they set forth in eight brief separately numbered paragraphs. The “objections” to the relief sought by petitioner contain the following:
“That the petitioner herein was duly subpoenaed and sworn to testify before the Jefferson County Grand Jury, but refused to answer any questions except his name with the result that the petitioner was found guilty of direct criminal contempt in the District Court and summarily sentenced to four months imprisonment after a full hearing.
“That the Court in its discretion may deny bail pending appeal from an Order committing the petitioner for contempt.
“That the denial of the stay of execution and bail pending appeal does not violate the petitioner’s constitutional rights because a commitment on the charge of contempt.is not a commitment for a crime as contem *210 plated and defined in the Constitution of the State of Colorado and the Constitution of the United States of America.
“That no affidavit, pleading or formal charges are required because proceedings before the Grand Jury are regarded as proceedings in court and contempts occurring in the presence of the Grand Jury are treated as taking place in the presence of the court or so near thereto as to obstruct justice, and the matter may be handled summarily as a direct criminal contempt.”
The last paragraph reads as follows:
“That all matters and things stated in the petitioner’s Application can be and should be determined on appeal by writ of error.”
With this last quoted statement we agree. But it must be readily apparent to informed persons that final determination of the important questions involved in the summary conviction of petitioner for contempt of court cannot be had within four months of the imposition of the sentence by the trial court. From a mere reading of the “objections” filed by the attorney general and the district attorney it is readily apparent that serious questions of basic constitutional rights are involved. In denying the petitioner a stay of execution, and in refusing to admit him to bail, the ruling of the trial court was tantamount to requiring him to suffer the full punishment imposed prior to the pronouncement of this court on the question of whether the contempt judgment was valid. It would indeed be a miscarriage of justice if the petitioner should learn, after fully serving the sentence, that the contempt judgment was void from the very beginning.
We do not pass upon any phase of that question at this time. We only say that a reading of the petition and the objections thereto will clearly indicate that there are grave questions of substance to be determined by this court. There has been a clear abuse of discretion on the part of the trial court in arbitrarily refusing to grant a *211 stay of execution, and in refusing to admit petitioner to bail pending the determination of writ of error.
It is accordingly ordered that execution of the judgment be stayed pending determination of writ of error by this court; and that petitioner shall be admitted to bail in the amount of $3,500.00, said bail bond to be filed with and approved by the clerk of the district court of Jefferson county.